NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SURASRI SUWANPHAP, | Civil Action No.: 10-1762 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| PAD THAI, INC. et al., | |
| Defendants. | |

**Linares**, District Judge.

This matter comes before the Court on the motion for partial dismissal of Plaintiff's Amended Complaint filed by Defendants Pad Thai, Inc., Sawat Sintumuang ("Sawat"), and Prapin Sintumuang ("Prapin"). Plaintiff's Amended Complaint asserts various claims against Defendants for: (1) a violation of the New Jersey Conscientious Employee Protection Act ("CEPA") based on unlawful retaliation; (2) violations of the Fair Labor Standards Act; and (3) violations of the New Jersey Wage & Hour Law. Defendants presently move to dismiss only the CEPA claim. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Defendants' motion is denied.

I.   BACKGROUND

Plaintiff began his employment as a waiter at Pad Thai Restaurant in or about September 2005. (Am. Compl. ¶¶ 6, 26-27.) Defendant Pad Thai, Inc. is the corporate name for the restaurant. (Id., at ¶ 6.) Defendants Sawat and Prapin are owners of the restaurant. (Id., ¶¶ 21-22.) Plaintiff also used to work two days per week at Sawadee, another restaurant owned by

1

Sawat and Prapin. (Id., at ¶¶ 68-72.) Sawat and Prapin sold Sawadee in or about August 2009. (Id., at ¶ 67.)

On March 11, 2007, while at Pad Thai Restaurant, one employee of the restaurant spit on another employee ("the Employee"). (Id., at ¶ 31-32.) "Plaintiff believed that the spitting incident was an assault on the Employee and a violation of the law." (Id., at ¶ 33.) Plaintiff called the police to report the incident. (Id., at ¶ 40.) The police came to the restaurant to investigate. (Id., at ¶ 41.) Plaintiff alleges that Prapin was very upset about the police visit and fired the Employee as a result. (Id., at ¶ 43-45.) Plaintiff also alleges that Sawat called the Employee the next day and said that he would shoot Plaintiff and the Employee. (Id. at ¶ 47, 49.) At Sawat's request, Plaintiff and the Employee then met with Sawat at the restaurant. (Id., at ¶¶ 50-51.) Sawat reaffirmed that the Employee was being fired. (Id., at ¶ 52.) In response, Plaintiff told Sawat that it was Plaintiff that actually called the police to report the incident. (Id., at ¶ 54.)

In addition to terminating the Employee, Plaintiff alleges that Defendants also tried to evict the Employee from the apartment he rented from them. (Id., at 60.) Plaintiff alleges that "as part of their effort to evict the Employee, Defendant Sawat choked the Emloyee," and that he witnessed the choking incident. (Id., at ¶¶ 61-62.)

Plaintiff alleges that "Sawat told Plaintiff that if the Plaintiff served as a witness for the Employee in the criminal matter involving the spitting incident that he would fire the Plaintiff." (Id., at ¶ 57.) Nevertheless, "Plaintiff appeared in court prepared to testify on the Employee's behalf in the municipal court proceeding." (Id., at ¶ 58.)

In addition to believing that the spitting incident violated the law, Plaintiff also believed that the Employee had been unlawfully terminated by Defendants and advised the Employee to

consult an attorney.  ((Id., at ¶¶ 46, 56.)   In April 2009, "Plaintiff testified in a deposition in a civil lawsuit" regarding Defendants' actions against the Employee and Plaintiff.  (Id., at ¶¶ 66-67.)

After the sale of Sawadee, Plaintiff asked Defendants if he could work additional hours at Pad Thai Restaurant.  (Id., at ¶ 74.)  Plaintiff alleges that they have refused.  He further alleges that they have allowed other former Sawadee employees to work additional work hours and have hired new employees to work at Pad Thai on days Plaintiff does not work.  (Id., at ¶¶ 75-78.) Plaintiff alleges that Defendants refused his requests for additional hours in retaliation for his appearance in municipal court to testify in the criminal matter and for his testimony at the civil deposition and his expected testimony at any civil trial.  (Id., at ¶ 79.)

## II.     LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted).  In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

## III.    DISCUSSION

"CEPA is designed to protect employees who blow the whistle on illegal or unethical activity committed by their employers or co-employees." Estate of Roach v. Trw, Inc., 754 A.2d

544, 550 (N.J. 2000).  For a plaintiff to establish a prima facie CEPA violation, he "must prove that: (1) he or she reasonably believed illegal conduct was occurring; (2) he or she disclosed or threatened to disclose the activity to a supervisor or public body; (3) retaliatory employment action was taken against him or her; and (4) a causal connection [exists] between the whistle-blowing and the adverse employment action."  Nardello v. Twp. of Voorhees, 873 A.2d 577, 580 (N.J. Super. Ct. App. Div. 2005) (internal quotations omitted, alteration in original).  Defendants move to dismiss Plaintiff's CEPA claim arguing only (1) that this case involves a private grievance and Plaintiff has not identified a public harm, and (2) that CEPA does not cover actions against an employer for conduct of a co-employee.  Defendants do not challenge other aspects of Plaintiff's CEPA claim.

In support of its argument that Plaintiff's claim is deficient because Plaintiff has failed to specifically allege a public harm, Defendants cite Mehlman v. Mobil Oil Corp, 707 A.2d 1000 (N.J. 1998).  However, like the defendant in Estate of Roach, here "Defendant[s'] reliance on Mehlman is misplaced."  754 A.2d at 550 (noting "that Mehlman pertained solely to a complaint brought under section 3c.(3)" and stating that the Mehlman holding did "not import the requirements of that section to other parts of CEPA").  Additionally, the facts as alleged by Plaintiff show something more than a private grievance.  Plaintiff has alleged that (1) he reported a workplace incident to the police which he believed violated the law, (2) that Prapin and Sawat, his employers, were upset about the incident being reported, (3) that he told Sawat that he was the person who reported the incident, (4) that, against the directive given by Sawat, he showed up prepared to testify in a municipal court proceeding on the criminal matter, (5) that he testified in a deposition related to the civil case brought by the Employee asserting claims against Defendants for unlawful termination, and (6) that, because of his police report and various

4

testimony, he was retaliated against by Defendants by being denied additional work hours that other employees were offered.

Next, as the court in Estate of Roach stated, CEPA "protect[s] employees who blow the whistle on illegal . . . activity committed by their . . . co-employees;" CEPA does not require that a plaintiff allege that the employer himself engaged in misconduct.  754 A.2d 544, 550; see also Delisa v. County of Bergen, 755 A.2d 578, 582 (N.J. 2000).  Additionally, in this case, Plaintiff's claims are not even related solely to the actions of a co-employee and his reporting of the spitting incident.  In addition to Plaintiff's belief that the co-employee's spitting on the Employee was criminal, as noted above, Plaintiff also alleges that he believed the Employee was unlawfully terminated by Defendants, and that he testified regarding the termination events in a deposition in the civil case.  Therefore, the Court finds that Defendants' arguments are without merit; their motion is denied.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's CEPA claim is denied.  An appropriate Order accompanies this Opinion.


DATED: June 10, 2010                       /s/ Jose L. Linares
                                            JOSE L. LINARES
                                            UNITED STATES DISTRICT JUDGE

5